UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA N. LO, | Case No. 1:22-cv-00524-JLT-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANT DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY [1] |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. No. 19, 21) |
| | FOURTEEN-DAY OBJECTION PERIOD |

Amanda N. Lo ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 19, 21). For the reasons stated, the undersigned RECOMMENDS denying Plaintiff's motion for summary judgment, granting the Commissioner's cross-motion for summary judgment, and affirming the Commissioner's decision.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on February 18, 2019, alleging an onset date of February 1, 2014. (AR 170-76). Benefits were denied initially (AR 50-62, 76-80), and upon reconsideration (AR 64-74, 82-86). Plaintiff appeared before an Administrative Law Judge ("ALJ") on December 30, 2020. (AR 30-48). Plaintiff was represented by counsel, and testified at the hearing with the assistance of a Hmong interpreter. (*Id*.). On January 14, 2021, the ALJ issued an unfavorable decision (AR 15-29), and on January 27, 2022 the Appeals Council denied review (AR 6-11). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

# II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 51 years old at the time of the hearing. (*See* AR 204). Her highest level of education reported was eighth grade. (AR 35). Plaintiff has work history as a packer, meat trimmer, and confectionary machine operator. (AR 35-36, 43-44). Plaintiff testified that she stopped working because she was depressed and unable to concentrate on work. (AR 37). She reported auditory and visual hallucinations "especially at night." (AR 41-43 (noting hallucinations were reported in medical records starting after the date last insured)). Plaintiff testified that some days she stays in bed all day because she doesn't have energy and her "mental health is too bad." (AR 42).

# III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence

equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20

C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of February 1, 2014 through her date last insured of December 31, 2016. (AR 20). At step two, the ALJ found that through the date last insured, Plaintiff has the following medically determinable impairments: degenerative changes of the spine, lumbago, depression, allergic rhinitis, hyperlipidemia, old granulomatous disease, diabetes mellitus, and diabetic retinopathy. (AR 20). However, through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the ALJ found that Plaintiff did not have a severe impairment or combination of impairments. (AR 21). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time from February 1, 2014, the alleged onset date, through December 31, 2016, the date last insured. (AR 25).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issue for this Court's review: whether the ALJ erred at step two. (Doc. No. 19 at 4-16).

## VII.   DISCUSSION

At step two of the sequential process, the ALJ must determine whether the claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). When a claimant alleges a severe mental impairment, the ALJ must follow a two-step "special technique" at steps two and three. 20

C.F.R. § 404.1520a. First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [he or she has] a medically determinable impairment." 20 C.F.R. § 404.1520a(b)(1). Second, the ALJ must assess and rate the "degree of functional limitation resulting from [the claimant's] impairments" in four broad areas of functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(b)(2)-(c)(4). Functional limitation is measured as "none, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). If the limitation is found to be "none" or "mild," the impairment is generally not considered to be severe. 20 C.F.R. § 404.1520a(d)(1). If the impairment is considered severe, the ALJ proceeds to determine whether the impairment meets or is equivalent in severity to a listed mental disorder. 20 C.F.R. § 404.1520a(d)(2)-(3).

Step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ found that Plaintiff had the following medically determinable impairments: degenerative changes of the spine, lumbago, depression, allergic rhinitis, hyperlipidemia, old granulomatous disease, diabetes mellitus, and diabetic retinopathy. (AR 20). However, the ALJ found the record did not establish that these impairments significantly limited Plaintiff's ability to perform basic-work activities for 12 consecutive months; "therefore, [Plaintiff] did not have a severe impairment or combination of impairments" through the date last insured of December 31, 2016. (AR 21). In support of her finding as to Plaintiff's alleged mental impairments, the ALJ first noted that during the relevant adjudicatory period the record shows "some" abnormal mental status findings; but they were "infrequent and responded well to medication treatment," and Plaintiff had generally normal mental status findings. (AR 23, 373, 386, 393, 400, 407, 414, 426-27, 478, 481). Thus, the ALJ found that there "was no probative evidence that her depression

more than minimally affected [Plaintiff's] ability to perform basic work functions, or that it caused limitations for a continuous period of twelve months or more, and thus is not severe." (AR 23).

Second, the ALJ conducted "special technique" and found no more than mild restriction in any functional area, including understanding, remembering, or applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself. (AR 24-26). Third, the ALJ considered but found the prior administrative medical finding of Jo McClain, Psy.D. "not persuasive" because it was not consistent with the medical record. (AR 25). Overall, the ALJ concluded that Plaintiff's "medically determinable mental impairments caused no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities, [therefore] they were nonsevere." (AR 25).

Plaintiff argues the ALJ "committed harmful error by failing to find that Plaintiff's medically determinable impairment of major depressive disorder more than minimally interferes with her ability to sustain work activity." (Doc. No. 19 at 5). In support of this argument, Plaintiff offers "objective" evidence that she contends shows her mental health impairments are severe, including four reports of depressed mood and restricted affect, and one treatment note that Plaintiff had "decreased" memory and concentration, decreased abstract thinking, and decreased short-term memory. (AR 23, 373, 386, 393, 414, 426-27). However, despite Plaintiff's argument that the ALJ improperly "cherry picked" evidence, the ALJ fully considered all of the objective evidence cited by Plaintiff, as well as consistent mental status examination findings "throughout the remainder of the record" that Plaintiff was cooperative and pleasant, had good eye contact, had normal and coherent speech, had normal and appropriate mood, was alert and oriented, was well developed and well nourished, and had appropriate judgment and insight with no suicidal ideation. (AR 23, 373, 386, 393, 400 (assessing that Plaintiff is "doing good"), 407 (Plaintiff is "doing good"), 414, 423, 426-27, 447, 478, 481, 485). The ALJ also noted that Plaintiff reported on multiple occasions that her medication helped her, and she felt depressed after she ran out of medication. (AR 373-74, 399, 406, 413). Finally, while the ALJ acknowledges that Plaintiff was

diagnosed with depression (AR 23), "[a] diagnosis of depression does not automatically entitle a claimant to a finding of a severe mental impairment." *Evans v. Kijakazi*, 2023 WL 2424742, at *13 (D. Nev. Mar. 8, 2023) (citing *Young v. Heckler*, 803 F.2d 963, 967 (9th Cir. 1986)); *see also Saballos v. Colvin*, 2015 WL 1481563, at *7 (N.D. Cal. Mar. 31, 2015) ("Having a diagnosis and taking medication for over one year does not automatically render an impairment severe for the purposes of step two.").

Plaintiff additionally argues generally that (1) the ALJ did not conduct a "proper symptomatology evaluation" that included discussion of Plaintiff's testimony from the relevant time period, and (2) the state agency reviewing opinion supports her argument that her depression was severe at step two. (Doc. No. 19 at 11, 16). However, the ALJ did outline Plaintiff's testimony as to her claimed mental health limitations. (AR 22). Moreover, Plaintiff does not challenge the ALJ's specific findings that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent for the reasons explained in this decision," or the ALJ's finding that the state agency consulting opinion was not persuasive because it was not consistent with the medical record, including generally normal mental status findings. (AR 23, 25); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issues not raised with specificity in Plaintiff's opening brief). The ALJ was not required to credit the medical opinion and Plaintiff's subjective complaints in assessing the severity of Plaintiff's mental impairments after they were properly discounted. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) ("where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Moreover, as argued by Defendant, Plaintiff does not challenge the ALJ's conclusion, after conducting the "special technique" analysis at step two, that because Plaintiff's "medically determinable mental impairments caused no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities, they were nonsevere."[2] (Doc. No. 21

---

[2] Plaintiff generally cites the ALJ's "special technique" analysis at step two and argues "[c]ourts in this circuit have held that the ALJ's symptomology evaluation of a [medically determinable impairment] is

8

at 6-8 (citing AR 24-25); *see* 20 C.F.R. § 404.1520a(d)(1) (if degrees of limitation are rated as "none" or "mild," the impairment is generally considered to not be severe).

Finally, Plaintiff argues, without citation to legal authority, that the ALJ should have considered the treatment records post-dating Plaintiff's date last insured of December 31, 2016, including the December 2020 opinion of Plaintiff's treating psychologist Mark D. Popper, Ph.D. (Doc. No. 19 at 11-15). Plaintiff acknowledges the opinion is "outside the period at issue," but contends that the limitations assessed "would apply to the period prior to the DLI given the fact that psychological symptomology was documented as originating in childhood war trauma and her symptomology worsened such that she was forced to leave the work force due to problems with concentration and focus." (Doc. No. 19 at 15). As noted by Defendant, Dr. Popper began treating Plaintiff in November 2018, and in the 2020 opinion cited by Plaintiff he answered questions regarding Plaintiff's "current level of functioning." (*See* AR 677, 824-25). Thus, Defendant argues the "fact that Dr. Popper discussed Plaintiff's history of symptoms and treatment dating back to childhood did not undercut the ALJ's findings that depression was not severe in the relevant time period, which was February 2014 to December 2016." (Doc. No. 21 at 10). The Court agrees. "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis."). However, "while post-[date last insured] evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective." *Boucher v. Colvin*, 2013 WL 3778891, at *2-3 (W.D. Wash. July 18, 2013); *Voelker v. Kijakazi*, 2023 WL 3062111, at *7 (E.D. Cal. Apr. 24, 2023) (finding plaintiff did not establish opinion post-dating date last insured was offered

---

improper when it is conducted only at step two of the PRTF evaluation as was done in the case at bar." (Doc. No. 19 at 10-11) (citing *Garcia v. Comm'r of Soc. Sec.*, 2022 WL 2110709, at *10 (E.D. Cal. June 10, 2022) ("the limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process")). This argument is misplaced. Here, the ALJ conducted a separate analysis of Plaintiff's symptom claims and discounted them for reasons, unchallenged by Plaintiff, that included lack of supporting objective medical findings and history of medical treatment, and improvement when treated with medication. (AR 22-23).

retrospective to a time prior to plaintiff's date last insured).  Here, Plaintiff points to no specific evidence showing that the cited treatment records and Dr. Popper's opinion is retrospective to Plaintiff's ability to perform work-related activities during the relevant adjudicatory period.

Based on the foregoing, substantial evidence supports the ALJ's conclusion that Plaintiff's claimed mental health limitations were not severe.  *Webb*, 433 F.3d at 687.  The ALJ did not err in finding Plaintiff did not establish a severe impairment at step two of the sequential analysis.

## VIII.  CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ did not err at step two.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 19) be DENIED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 21) be GRANTED.
3. The district court AFFIRM the decision of the Commissioner of Social Security for the reasons set forth above.
4. The district court direct the Clerk to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

////

////

////

## **NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE