UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA N. LO,<br><br>            Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.: 1:22-cv-0524 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 19, 21, and 22) |

Amanda Lo initiated this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (Docs. 1, 19.) Plaintiff contends the administrative law judge erred in finding that her major depressive disorder, a medically determinable impairment, was not a "severe" impairment at step two. (Doc.19 at 5-16.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found "substantial evidence supports the ALJ's conclusion that Plaintiff's claimed mental health limitations were not severe" through Plaintiff's date last insured. (Doc. 22 at 10.) The magistrate judge observed that the ALJ acknowledged "some abnormal mental status findings; but they were infrequent and responded well to medication treatment, and Plaintiff had generally normal mental status findings." (*Id.*, internal quotation and citations marks omitted.) The magistrate judge

1  noted Plaintiff argued that the ALJ "cherry picked" the evidence but found "the ALJ fully considered
2  all of the objective evidence cited by Plaintiff, as well as consistent mental status examination findings
3  'throughout the remainder of the record.'" (*Id.*)  The magistrate judge observed that Plaintiff did not
4  challenge the rejection of her subjective statements and found "[t]he ALJ was not required to credit the
5  medical opinion and Plaintiff's subjective complaints in assessing the severity of Plaintiff's mental
6  impairments after they were properly discounted." (*Id.*)  Furthermore, Plaintiff did "not challenge the
7  ALJ's conclusion, after conducting the 'special technique' analysis at step two, that because Plaintiff's
8  'medically determinable mental impairments caused no more than 'mild' limitation in any of the
9  functional areas and the evidence does not otherwise indicate that there is more than a minimal
10 limitation in [Plaintiff's] ability to do basic work activities, they were nonsevere.'" (*Id.*)  Finally, the
11 magistrate judge rejected the argument that the ALJ should have considered medical evidence that post-
12 dated the date last insured, because Plaintiff identified "no specific evidence showing that the cited
13 treatment records and Dr. Popper's opinion is retrospective to Plaintiff's ability to perform work-related
14 activities during the relevant adjudicatory period." (*Id.* at 9-10.)  Therefore, the magistrate judge
15 recommended the administrative decision be affirmed.  (*Id.* at 10.)

16       Plaintiff objected to the Findings and Recommendations, maintaining the ALJ erred in finding
17 Plaintiff's impairments were not severe at step two of the sequential analysis.  (*See generally* Doc. 23.)
18 In the objections, Plaintiff restates each of the arguments made in her opening brief.  The magistrate
19 judge properly considered these arguments and found the ALJ did not err in finding Plaintiff did not
20 establish a severe impairment at step two.

21       In particular— despite Plaintiff's claims to the contrary—the magistrate judge addressed
22 Plaintiff's argument that "Courts in this circuit have held that the ALJ's symptomology evaluation of a
23 medically determinable impairment is improper when it is conducted only at step [t]wo of the PRTF
24 evaluation, as was done in this case," and found it was misplaced.  (Doc. 22 at 8-9 n.2.)  In *Garcia v.*
25 *Comm'r of Soc. Sec.*, 2022 WL 2110709, *10 (E.D. Cal. June 10, 2022), cited by Plaintiff in support
26 of this argument, the Court noted the limitations identified in 'paragraph B' criteria are used to rate
27 severity at steps two and three, while "[t]he mental residual functional capacity assessment used at
28 steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of

mental functioning." (Doc. 23 at 6.) In *Garcia*, the Court considered whether the ALJ properly supported the rejection of a plaintiff's symptom claims at step *four* by relying in part on findings at step three. *See Garcia*, 2022 WL 2110709, at *10. Here, Plaintiff argued the ALJ erred in finding her impairments were not severe at step *two*. Thus, the decision in *Garcia* is distinguishable, and Plaintiff's reliance upon *Garcia* is misplaced.

Moreover, as noted by the magistrate judge, Plaintiff does not challenge the ALJ's conclusion after the "special technique" analysis at step two, that Plaintiff medically determinable impairments caused no more than mild limitation in any of the functional areas. (Doc. 22 at 8-9, citing AR 24-25 [Doc. 12-1 at 28-29], 20 C.F.R. § 404.1520a(d)(1) [if degrees of limitation are rated as "none" or "mild," the impairment is generally considered not severe].)

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court oncludes the Findings and Recommendations are supported by the record and proper analysis. Because ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the record, the administrative decision is affirmed. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 17, 2023 (Doc. 22) are **ADOPTED**.
2. Plaintiff's Motion for Summary Judgment (Doc. 19) is **DENIED**.
3. Defendant's Cross-Motion for Summary Judgment (Doc. 21) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.
4. The Clerk of Court is directed to terminate pending motions; enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Amanda Lo; and to close this case.

IT IS SO ORDERED.

Dated:   **September 6, 2023**

UNITED STATES DISTRICT JUDGE